UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJESH KHANNA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HARPREET WALIA, et al.,<br><br>Defendants. | Case No. 24-cv-03716-JSC<br><br>**ORDER RE: MOTIONS FOR LEAVE TO AMEND COUNTERCLAIMS**<br><br>Re: Dkt. Nos. 92, 93 |

Pending before the Court are Defendant Walia's motion to file first amended counterclaims (Dkt. No. 94)[1] and Defendant WaveStrong's motion to file a third amended cross-complaint (Dkt. No. 93). Having considered the parties' submissions, the Court finds these motions appropriate for decision without oral argument and **VACATES** the September 4, 2025 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7-1(b). For the reasons stated herein, the Court **GRANTS** the motions for leave to amend, without prejudice to Plaintiff Dhoat subsequently moving to dismiss the amended counter- and crossclaims.

**DISCUSSION**

Following the May 25, 2025 initial case management conference, the Court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16. (Dkt. No. 86.) The scheduling order set a deadline of July 31, 2025, for any motions to amend the pleadings. (*Id.*) Defendants Walia and WavesStrong filed their motions to amend by that deadline. (Dkt. Nos. 92, 93.) Therefore, the motions are governed by the standard set out in Federal Rule of Civil Procedure 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (holding

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  amendments to pleadings sought within deadlines set under a Rule 16 scheduling order are
2  governed by Rule 15).

3    Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). "However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That said, "[n]ot all of the factors merit equal weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Rather, "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id*. (citation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original) (citation omitted).

The Court first addresses the key factor under Rule 15—prejudice. Then, the Court turns to the parties' arguments as to bad faith, futility, and undue delay.

### A.  Prejudice to Plaintiff

Both WaveStrong and Walia seek to amend their pleadings to assert fraud-based claims against Plaintiff Dhoat based on Dhoat's alleged misrepresentation to Defendants about his educational credentials. (Dkt. Nos. 92 at 7, 93 at 9.) Dhoat argues amendment would prejudice him because Defendants knew of the basis for this claim as early as 2021, and adding new claims now would "change the scope of this case," thereby affecting his litigation strategy. (Dkt. No. 98 at 14-15.) The Court does not agree.

Though this case was initially filed in state court in 2022—where many of the claims were settled—Dhoat chose to amend his cross-complaint to include a federal RICO claim on May 22, 2024. (Dkt. No. 1.) The removal to federal court after nearly two years of state court proceedings was possible only because of Dhoat's own amendment. Since May 2024, *all parties* have agreed to various amendments and extensions of case deadlines. (*See, e.g.*, Dkt. Nos. 22, 28, 30, 32, 41.)

2

Indeed, the Court did not set a pretrial schedule until May 20, 2025, due to the parties' motion practice. (Dkt. No. 86.) The case timeline created by all parties thus far does not indicate prejudice to Dhoat.

Further, the proceedings have not advanced far enough to support Dhoat's argument that new claims would unfairly alter the scope of this case. Fact discovery does not close until January 31, 2026. (*Id*.) And Defendants represent that only initial disclosures have been exchanged among the parties—no one has propounded written discovery or taken depositions. (Dkt. No. 93 at 16.) Trial is not until June 23, 2026. (Dkt. No. 86.) Given the current scheduling order, the lack of meaningful discovery to date, and the ample time until trial, Dhoat has failed to demonstrate prejudice. *See, e.g.*, *Braden v. RLI Ins. Co.*, No. 24-CV-04599, 2025 WL 1676857, at *2 (N.D. Cal. June 13, 2025) (determining no prejudice to non-movant when "fact discovery ha[d] not yet closed" prior to amendment); *Edwards v. Bay Area Rapid Transit*, No. 20-CV-07113, 2021 WL 1164944, at *1 (N.D. Cal. Mar. 26, 2021) (same).

So, the Court proceeds under a presumption that leave to amend should be granted. *Eminence Cap., LLC*, 316 F.3d at 1052.

### B.     Bad Faith

Next, Dhoat asserts Defendants' new claims are brought in bad faith as retaliation for his own claims against them. (Dkt. No. 98 at 13.) On the current record, the Court is not persuaded.

"Examples of bad faith have included—but are not limited to—instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir.1989); *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986); and *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983)). Dhoat's argument here relies on the amount of time between when the alleged fraud was initially discovered in 2021, and Defendants' decision to add these claims now. But as the Court noted in its discussion on prejudice, *supra*, the length of the current litigation is on account of all parties'

3

1    conduct. Dhoat has not supplied any evidence indicating the timing of amendment indicates

2    retaliation for his own claims—he merely asks the Court to infer bad faith. The Court cannot do

3    so. Further, the cases upon which he relies do not counsel a different conclusion. *See Lang v.*

4    *State of Cal.*, No. C 91-1895-BAC, 1994 WL 28042, at *1 (N.D. Cal. Jan. 21, 1994) (addressing

5    undue delay and prejudice but not bad faith); *Adolph Coors Co. v. Sickler*, 608 F. Supp. 1417,

6    1431 (C.D. Cal. 1985) (discussing denial of leave to amend where "proper defense" of the new

7    claims "would requires discovery beyond the reach" of deposition witnesses from six years prior

8    with "faded memories" and documents now unavailable because the holding entity was defunct);

9    *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *overruled by City of Dearborn Heights Act*

10   *345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017) (affirming denial of

11   leave to amend where protracted discovery had already occurred and movant had known of

12   relevant documents forming the basis of the claim for years).

13       Consequently, Dhoat has not shown bad faith sufficient to rebut the presumption in favor

14   of granting leave to amend.

15       **C.    Futility**

16       Additionally, Dhoat argues amendment would be futile because: 1) Defendants have not

17   pled their fraud claims with sufficient particularity under Federal Rule of Civil Procedure 9(b),

18   and 2) Defendants' claims are barred by the statute of limitations. Neither argument is persuasive.

19       "Courts rarely deny a motion for leave to amend for reason of futility. Indeed, before

20   discovery is complete, as here, a proposed amendment is futile only if no set of facts can be

21   proved under the amendment which would constitute a valid claim or defense." *Fujifilm Corp. v.*

22   *Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 2730724, at *5 (N.D. Cal. June 16,

23   2014) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). When

24   complicated questions of fact or law bear on an amended claim's futility, district courts often

25   permit amendment, leaving the issue open for more fulsome briefing on a subsequent dispositive

26   motion. *See, e.g., Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025)

27   ("Where a proposed amended claim involves complicated factual or legal issues, it is generally

28   preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss

4

rather than under the more circumscribed Rule 15(a) 'futility' analysis."); *Heath v. Google Inc.*, No. 15-CV-01824-BLF, 2017 WL 4005598, at *3 (N.D. Cal. Sept. 12, 2017) (finding a determination of futility "premature" as the question involved analysis of complicated legal issues). The Court adopts that approach based on the current issues surfaced in the briefing on these motions.

As to Rule 9(b), Dhoat argues Defendants have not pled the exact date of the alleged misrepresentation, nor the manner in which it was transmitted to them. (Dkt. No. 98 at 10.) But, it is apparent Defendants could potentially allege additional facts, such as whether the misrepresentation was communicated orally, and when it was so communicated, to address Dhoat's objections. So, the Court cannot say, as a matter of law, "no set of facts can be proved under the amendment which would constitute a valid claim or defense." *Fujifilm Corp.*, 2014 WL 2730724, at *5.

Regarding the statute of limitations, Dhoat urges both Defendants' claims are untimely under California law. (Dkt. No. 98 at 11, 16-18.) As an affirmative defense, Dhoat bears the ultimate burden of proof in establishing Defendants' claims are barred by the statute of limitations. *See Samuels v. Mix*, 22 Cal. 4th 1, 10, 989 P.2d 701, 706 (1999) ("[A] defendant must prove the facts necessary to enjoy the benefit of a statute of limitations . . . ."); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."). Through the current briefing, Dhoat had no opportunity to address or rebut Defendants' arguments on reply regarding relation back or the tolling of the statute of limitations. Given this open issue, and Dhoat's ultimate burden in asserting an affirmative defense, the Court cannot determine Defendants' proposed amendments are futile as a matter of law.

Accordingly, Dhoat's futility arguments do not rebut the presumption in favor of granting leave to amend. That said, Dhoat may raise arguments related to the sufficiency of the pleadings under Rule 9(b), or the statute of limitations, through a subsequent motion.

5

### D. Undue Delay

Last, Dhoat argues Defendants unduly delayed in bringing the fraud-based claims as they knew the basis of these claims as early as 2021. (Dkt. No. 98 at 12.) The Court may deny a motion for leave to amend when "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citation omitted). Indeed, undue delay only serves as grounds to deny a Rule 15(a) motion when accompanied by "a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Id*. (citation omitted).

For the reasons discussed *supra*, Dhoat has not shown prejudice, bad faith, or futility. That alone suffices to reject his argument as to undue delay. Even so, the Court does not find undue delay here as both parties have contributed to the lengthening of case timelines to date. Moreover, Defendants have represented the timing of amendment is justified given the investigative process required to confirm whether Dhoat's professed educational credentials were legitimate. (Dkt No. 92-1 at 3-4.)

Therefore, Dhoat has not rebutted the presumption in favor of granting leave to amend.

## CONCLUSION

For these reasons, the Court **GRANTS** the motions for leave to amend. The grant of these motions is without prejudice to Plaintiff Dhoat moving to dismiss the amended pleadings on statute of limitations or other grounds. The amended pleadings shall be filed by September 5, 2025.

This Order disposes of Docket Nos. 92 and 93.

**IT IS SO ORDERED.**

Dated: September 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge