United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJESH KHANNA, et al.,<br>Plaintiffs,<br>v.<br>HARPREET WALIA, et al.,<br>Defendants. | Case No. 24-cv-03716-JSC<br><br>**ORDER RE: MOTION TO DISQUALIFY COUNSEL**<br><br>Re: Dkt. No. 156 |

Cross-complainant and counter-defendant Mandeep Dhoat brings this motion to disqualify Manatt, Phelps & Phillips, LLP from representing Harpreet Walia, and Skiermont Derby LLP from representing WaveStrong, Inc. WaveStrong and Walia oppose the motion and additionally object to certain evidence Dhoat filed in support of its motion. (*See* Dkt. Nos. 162, 171.) Walia also seeks to recover the costs of opposing Dhoat's motion pursuant to Federal Rule of Civil Procedure 37. Having considered the parties' submissions, and with the benefit of oral argument on September 10, 2026, the Court **DENIES** Dhoat's motion and **DENIES** Walia's request for costs. Further, the evidentiary objections are **OVERRULED**.

## FACTUAL BACKGROUND

In briefing this motion, the parties submitted over 200 pages of exhibits and supporting declarations. (*See* Dkt. Nos. 156, 161, 164.) The Court recounts a brief summary of those voluminous filings sufficient to resolve the instant motion.

On the evening of July 13, 2026, an attorney from Manatt emailed Dhoat's counsel, Donald Chomiak and Lilia Bulgacheva, regarding production of documents, including documents produced "on behalf of" WaveStrong. (Dkt. No. 156-1 ¶ 6.) The production letter accompanying the email indicated Manatt produced documents from the email accounts of Raj Sehrai, Harpreet

Walia, and Janet Anderson. (*Id.* ¶ 7.) Manatt does not represent WaveStrong—Skiermont holds that role. So, this note alarmed Mr. Chomiak and Ms. Bulgacheva, who believed something improper had occurred.

On July 14, 2026, Mr. Chomiak and Ms. Bulgacheva first met with Zachary Golda, a Skiermont attorney representing WaveStrong. (*Id.* ¶ 8.) The parties dispute what was said during that meeting. Following that encounter, Mr. Chomiak and Ms. Bulgacheva participated in a video conference with David Boyadzhyan and Connor Farley, Manatt attorneys representing Walia. (*Id.* ¶ 10.) Per Mr. Chomiak's recollection of the meeting, the Manatt attorneys confirmed they had produced the documents and noted John O'Kane—counsel for WaveStrong—was on a trip to Europe. (*Id.*) Mr. Boyadzhyan does not appear to contest this characterization of the meeting.

On July 17, 2026, Mr. Chomiak sent a letter to counsel for Walia and WaveStrong raising concerns about this production process and the relationship between Manatt and Skiermont in this litigation. (Dkt. No. 156-3 ¶ 12.) The letter requested production of all emails and text messages between the firms concerning this suit by July 24, 2026. (*Id.*) The letter also requested a response by close of business on Monday, July 20, 2026, confirming whether Manatt and Skiermont would agree to this production. (*Id.*) On the evening of July 20, Dhoat's counsel filed the instant motion to disqualify. (Dkt. No. 156.)

Mr. O'Kane filed a declaration in opposition to this motion. (Dkt. No. 161.) There, he recounts the review process, noting Skiermont worked with an ESI vendor to provide search terms for the WaveStrong employee email inboxes, and to batch out the relevant documents for review. (*Id.* ¶ 36.) Given Walia's email inbox was included, and Walia used his WaveStrong email to communicate with Manatt, Mr. O'Kane determined Skiermont would not review the inbox to avoid encountering privileged documents. (*Id.* ¶ 37.) Further, Skiermont did not review the email inboxes of Raj Sehrai or Janet Anderson. (*Id.* ¶ 38.) Mr. O'Kane decided Skiermont also would not review those inboxes, and instead, Manatt would rely on its document review attorney team to review and produce those emails as well. (*Id.*) The basis for this decision was three-fold:

> [1] Walia's lawyers would be given the right to do a privilege review anyway before any production would be made, [2] Walia's indisputable access to any WaveStrong document of any kind at any

> time as board chair and CEO, and [3] the time- and cost-efficiencies created by having a single review team handle the substantive review . . . .

(*Id.*) Based on these declarations, Dhoat contends Manatt and Skiermont must be disqualified because both firms have engaged in improper dual representation of adverse parties—namely, Walia and WaveStrong.

**DISCUSSION**

"The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers." *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103-04 (N.D. Cal. 2003) (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir.1996)). Motions to disqualify are "generally disfavored" since they "are often tactically motivated and can be disruptive to the litigation process." *Ramirez v. Trans Union, LLC*, No. 3:12-CV-00632 JSC, 2013 WL 1164921, at *2 (N.D. Cal. Mar. 20, 2013) (citing *Optyl Eyewear Fashion Int'l Corp. v. Sytle Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir.1985)). Accordingly, disqualification remains a "drastic measure" that is "imposed only when absolutely necessary." *Id.*

State law governs matters of disqualification, and the parties agree California law applies here. *See In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) (noting the court looks to "state law in determining matters of disqualification"). "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998); *see also De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1077 (9th Cir. 2011) (citing *Kasza* for the same proposition of law); *Blacktail Mountain Ranch Co., LLC v. Jonas*, 611 F. App'x 430 (9th Cir. 2015) (same). However, the California Courts of Appeal have recognized limited exceptions. For instance, in *Blue Water Sunset, LLC v. Markowitz*, the court adopted a theory of "vicarious standing" through which a minority shareholder of a limited liability company could move for disqualification of counsel representing that company in a derivative suit. 192 Cal. App. 4th 477, 486 (2011). In so holding, the court noted:

> Any other rule would run the risk of rendering an organization defenseless when it is most vulnerable, i.e., when it is represented by an attorney who has a conflict because he also represents and is

> beholden to a company insider who injured the company.

*Id.*

The parties dispute whether Dhoat has standing to bring this motion, at times referring to Article III's standing requirement under the United States Constitution. This point warrants clarification. Ordinarily, "standing refers to an aggrieved party's right to bring an action in the first instance, rather than an existing party's right to bring a motion seeking some sort of relief from the trial court." *Dino v. Pelayo*, 145 Cal. App. 4th 347, 353 n.2 (2006). So, the word "standing," as applied in disqualification cases, can be misleading in that it does not refer to either constitutional or statutory standing. Here, the term is more properly understood to mean whether a party is "entitled to prevail on a motion seeking [] disqualification." *Id.* Though both parties reference the district court's decision in *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999), the Court does not find its framing of the issue persuasive. There, the court analyzed a motion to disqualify with reference to Article III standing, but relied on *Allen v. Wright*, 468 U.S. 737, 751 (1984). *Id.* at 968. The concept of prudential standing, and judicially self-imposed limits on federal jurisdiction described by *Allen*, were later abrogated by the Supreme Court. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014) ("Just as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied, it cannot limit a cause of action that Congress has created merely because 'prudence' dictates." (internal citation omitted).). Consequently, the Court is not persuaded to apply *Colyer*'s standing analysis here. Absent a question of Article III standing, the Court is bound by California authority on the question of disqualification. Since Dhoat and Walia are the only two shareholders in WaveStrong, *Blue Water Sunset* is on all fours with the instant case and controls. *See, e.g.*, *Harris v. Miller*, No. 1:21-CV-00882-KJM-EPG, 2025 WL 1547551, at *7 (E.D. Cal. May 30, 2025) (noting the exception announced in *Blue Water Sunset* permits "one member of a two-member LLC in a derivative action against the other member to bring a motion to disqualify counsel if an attorney is attempting to represent both the LLC and the other member").

Though Dhoat may bring this motion to disqualify per *Blue Water Sunset*, he has failed to show disqualification is warranted. In short, Dhoat contends Manatt's and Skiermont's discovery

conduct violated California Rule of Professional Conduct 1.7 because it constituted joint representation of Walia and WaveStrong—parties with adverse interests in this litigation. (Dkt. No. 156 at 13-14.) However, Dhoat has not established the asserted discovery conduct formed an attorney-client relationship between Manatt and WaveStrong or Skiermont and Walia. "Before an attorney may be disqualified from representing a party in litigation because his representation of that party is adverse to the interest of a current or former client, it must first be established that the party seeking the attorney's disqualification was or is 'represented' by the attorney in a manner giving rise to an attorney-client relationship." *Shen v. Miller*, 212 Cal. App. 4th 48, 56-57 (2012). "The burden is on the party seeking disqualification to establish the attorney-client relationship." *Id*. Dhoat has not met that burden.

The Court finds Manatt transmitted a document production to Dhoat's counsel and used the phrase "on behalf of WaveStrong" in the cover letter accompanying the production. (*See* Dkt. No. 156-1 ¶ 7.) But the Court also finds that in connection with that production, Manatt only reviewed and produced documents to which it always had access. That Skiermont did not enlist its own attorneys to review those same documents does not mean Manatt formed an attorney-client relationship with WaveStrong; instead, that fact raises a Rule 34 question, specifically, whether WaveStrong produced all responsive documents in its possession, custody, or control. Dhoat does not cite any case holding this kind of discovery conduct constitutes legal representation of another party. Instead, Dhoat relies primarily on a refrain: Skiermont ceded WaveStrong's "litigation position" to Manatt. (*See, e.g.*, Dkt. No. 156 at 3.) That vague phrase does not carry the burden of establishing an attorney-client relationship.

That said, embedded in this motion to disqualify is an assumption: Because Dhoat and Walia are adverse in this suit, Manatt would improperly withhold documents from the email inboxes, and Skiermont, if truly adverse to Walia, would not withhold the same documents. This sentiment betrays an expectation of bad faith among the attorneys in this case. In short, ***all attorneys*** are expected to comply with Rule 26 and Rule 34, as well as their ethical obligations. ***No party*** should withhold responsive documents absent a valid assertion of privilege or attorney work product. So, whether Manatt or Skiermont attorneys review the email inboxes, the result

should be the same—responsive documents are produced, privileged documents are withheld. But, as discussed at oral argument, WaveStrong's attorneys should review WaveStrong's documents, including emails on its servers, to ensure it produces all responsive documents.

## CONCLUSION

For these reasons, the Court **DENIES** Dhoat's motion to disqualify counsel and **DENIES** the alternative request for production of all communications between Manatt and Skiermont related to this case. Further, the Court **DENIES** Walia's request for costs under Rule 37. Dhoat did not move to compel disclosure of documents under Rule 37, he moved to disqualify counsel. To the extent Walia seeks fees because the motion was "frivolous," he has failed to carry his burden under Rule 11, and has not followed the Rule's procedural requirements for motions for sanctions

As for WaveStrong's evidentiary objections, they are procedurally improper. Pursuant to Civil Local Rule 7-3(a), "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." WaveStrong filed its objections separately, and therefore the objections are **OVERRULED**. (*See* Dkt. No. 162.) Walia's objection to the Chomiak Declaration notes only that new arguments and evidence presented on reply are waived. The Court agrees, but does not consider this argument an objection to admissibility under the Federal Rules of Evidence. Regardless, the Court did not consider any arguments or evidence raised for the first time on reply in resolving the motion.

//

//

//

//

//

//

//

//

//

United States District Court
Northern District of California

Should the parties wish to bring a discovery-related motion based on the July 13 production, they must first meet and confer. The parties must document who attended the meeting, and how long it lasted. Additionally, the parties must record the meet-and-confer, which they shall be prepared to produce to the Court in the event of further dispute.

This Order disposes of Docket No. 156.

**IT IS SO ORDERED.**

Dated: September 10, 2026



JACQUELINE SCOTT CORLEY
United States District Judge